AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D. N.Y.
★ MAR 6 2007 ★
P.M.
TIME A.M.

# UNITED STATES DISTRICT COURT
Eastern District of New York

UNITED STATES OF AMERICA
V.
Carlos Alberto Enciso Garnica

**JUDGMENT IN A CRIMINAL CASE**
*\* 12/7/2006 Amended Preliminary Order of Forfeiture attached*

Case Number: CR 06-395 (NG)
USM Number: 63974-053

Michael Schneider, 16 Court St., Brooklyn, NY 11241
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  one

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC§1956(a)(1)(B)(i) and 1956 (h) | Conspiracy to Commit Money Laundering, a Class C Felony | May 2006 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) ___All open counts___  ☐ is  ☒ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 28, 2007
Date of Imposition of Judgment

S/NG
Signature of Judge

Nina Gershon, USDJ
Name and Title of Judge

March 2, 2007
Date

DEFENDANT: Carlos Alberto Enciso Garnica
CASE NUMBER: CR 06-395 (NG)

Judgment — Page 2 of 6

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**Thirty six (36) months**

☒ The court makes the following recommendations to the Bureau of Prisons:

**Designate in the Florida area, and participate in the Comprehensive Drug Treatment Program.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

**Three (3) Years**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

**If deported, no illegal re-entry into the United States.**

DEFENDANT: Carlos Alberto Enciso Garnica
CASE NUMBER: CR 06-395 (NG)

Judgment — Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ -0- | $ -0- |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS** $ 0   $ 0

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Carlos Alberto Enciso Garnica
CASE NUMBER: CR 06-395 (NG)

Judgment — Page 6 of 6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☒ Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

CD:SLT
F.#2006R00966

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**ORIGINAL**

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

CARLOS ALBERTO ENCISO GARNICA,
    also known as
    "Diego Forero Ramirez,"

                Defendant.

- - - - - - - - - - - - - - - -X

AMENDED PRELIMINARY
ORDER OF FORFEITURE

06 CR 395

WHEREAS, in the forfeiture allegation of the above-captioned Indictment (the "Indictment"), the United States of America sought forfeiture of certain property of the defendant CARLOS ALBERTO ENCISO GARNICA, also known as "Diego Forero Ramirez," pursuant to 18 U.S.C. § 982, and 21 U.S.C. § 853 as property having been involved in the alleged money laundering conspiracy, and property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the defendant's participation in that offense, or property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the alleged money laundering violations;

WHEREAS, on November 2, 2006, the defendant pleaded guilty to Count One of the Indictment charging a violation of 18 U.S.C. § 1956(h);

WHEREAS, pursuant to his plea agreement, the defendant agreed to the forfeiture of the following assets as property that constitutes or is derived from proceeds obtained directly or indirectly as a result of his violation of 18 U.S.C. § 1956, that was used or intended to be used, in any manner or part, to commit or facilitate the commission of his violation of 18 U.S.C. § 1956, and/or as substitute assets: (1) $15,651.00 in United States currency, more or less, and all proceeds traceable thereto, recovered by law enforcement personnel from the defendant on or about May 17, 2006; (2) $10,130.00 in United States currency, more or less, and all proceeds traceable thereto, recovered by law enforcement personnel from the defendant's home on or about May 17, 2006 (collectively, the "Forfeited Assets").

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1. The defendant shall forfeit all of his right, title and interest in the Forfeited Assets pursuant to 18 U.S.C. § 982(a) and 21 U.S.C. § 853.

2. Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the Forfeited Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third

party rights, including giving notice of this Order.

4.  The United States Bureau of Customs and Border Protection shall publish notice of this Order, in accordance with the custom and practice in this district, in a newspaper of general circulation and of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or his designee may direct.

5.  The defendants shall fully assist the United States in effectuating the surrender of the Forfeited Assets and to take whatever steps are necessary to ensure that clear title thereto passes to the United States. The defendants agree not to file or interpose any claim or to assist others to file or interpose any claim to any of the Forfeited Assets in any administrative or judicial proceeding.

6.  Any person, other than the defendants, asserting a legal interest in the Forfeited Assets may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

7.  If the Forfeited Assets, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Order against any other assets of the

4

defendants up to the value of the Forfeited Assets not forfeited pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

8. Pursuant to the Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

9. This Order shall be final and binding only upon the Court's "so ordering" of the order.

10. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order.

11. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order of Forfeiture to Assistant United States Attorney Kathleen A. Nandan, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
~~November , 2006~~
December 07, 2006

/S/NG
_____
HONORABLE NINA GERSHON
UNITED STATES DISTRICT JUDGE

Criminal Action No. CR-06-0395

UNITED STATES DISTRICT COURT
Eastern District of New York

UNITED STATES OF AMERICA,

Plaintiff,

- against -

CARLOS ALBERTO ENCISO GARNICA,

Defendant.

# AMENDED PRELIMINARY ORDER OF FORFEITURE

ROSLYNN R. MAUSKOPF
United States Attorney,
Attorney for Plaintiff
Office and Post Office Address,
United States Attorney's Office
One Pierrepont Plaza, 16th Floor
Brooklyn, New York 11201

Due service of a copy of the within _____ is hereby admitted.

Dated: _____, 20___

_____
Attorney for
AUSA KATHLEEN NANDAN (718) 254-6409

---

SIR:

PLEASE TAKE NOTICE that the within will be presented for settlement and signature to the Clerk of the United States District Court in his office at the UNITED STATES DISTRICT COURT U.S. Courthouse, 225 Cadman Plaza East, EASTERN DISTRICT OF NEW YORK Brooklyn, New York, on the ____ day of _____, 20___, at 10:30 o'clock in the forenoon.

Dated: Brooklyn, New York,

_____, 20___

United States Attorney,
Attorney for _____

To: _____

_____
Attorney for _____

---

SIR:

PLEASE TAKE NOTICE that the within is a true copy of _____ duly entered herein on the ____ day of _____, in the office of the Clerk of the Eastern District of New York,

Dated: Brooklyn, New York

_____, 20___

United States Attorney,
Attorney for _____

To: _____

_____
Attorney for _____